*NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER JOSEPH REED, | No. 10-55749 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-03152-PA-DTB |
| v. | |
| MICHAEL CATE, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted October 11, 2012
Pasadena, California

Before: EBEL**, WARDLAW, and NGUYEN, Circuit Judges.

Peter Joseph Reed appeals the district court's denial of his petition for

habeas relief from his California state court conviction of voluntary manslaughter.

We issued a certificate of appealability with respect to "whether the state violated

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** The Honorable David M. Ebel, Senior Circuit Judge for the Tenth
Circuit, sitting by designation.

[Reed's] right to due process by suppressing or failing to preserve firearm and/or ammunition evidence." *See* 28 U.S.C. § 2253(c)(3); *Arizona v. Youngblood*, 488 U.S. 51 (1988); *Brady v. Maryland*, 373 U.S. 83 (1963). We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

Before trial, Reed moved to dismiss the charges against him on the ground that the state violated his right to due process when an investigating officer purchased ammunition evidence from the decedent's wife and then lost or disposed of it. Reed argued that the material was potentially exculpatory because testing could have shown that the victim's bullets matched those used in the shooting, bolstering Reed's self-defense theory. The state trial court held an evidentiary hearing and found that although the officer failed to preserve the material, he did not do so in bad faith as required to succeed on a failure-to-preserve due process claim under *Youngblood*. *See* 488 U.S. at 58. However, as a curative sanction, the trial court allowed the defense to present evidence that the victim owned ammunition of the same caliber used in the shooting and barred the officer from testifying that the lost ammunition was of a different brand than the spent ammunition found at the scene.

In affirming the trial court, the California Court of Appeal did not apply *Youngblood* in an objectively unreasonable manner. *See* 28 U.S.C. § 2254(d)(1).

It appropriately inquired whether the record demonstrated that the officer acted in bad faith. Nor was the Court of Appeal's decision based on an unreasonable determination of fact. *See* 28 U.S.C. § 2254(d)(2). The Court of Appeal's conclusion that while the officer "exercised bad judgment, . . . [there was] sufficient evidence to support the trial court's conclusion that [he] did not act in bad faith" was reasonably based on the evidentiary record. *See Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004). The aspects of the record that the Court of Appeal relied on—the fact that the officer did not initiate the transaction; that he was motivated by a desire to help the widow financially; that the money was not conditioned on an expectation that she would testify in a certain way; and that he gave her a receipt, belying an intent to conceal the transaction—sufficiently support the state court's determination that the officer did not act in bad faith.

The California Court of Appeal also reasonably concluded that the missing evidence would not have exonerated Reed and that the evidentiary sanction the trial court imposed ensured Reed a fair trial. Although Reed was charged with first and second degree murder, he was acquitted of those charges and convicted of the lesser included offense of voluntary manslaughter, despite evidence that he shot the decedent multiple times. Thus, Reed has not presented sufficient evidence of

prejudice to warrant relief. *See Fry v. Pliler*, 551 U.S. 112 (2007); *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

We acknowledge that the officer in question departed from department procedure in obtaining the evidence, and that his conduct and explanatory statements were questionable. However, we cannot say that the California Court of Appeal was objectively unreasonable in determining that the evidence demonstrated the officer acted with bad judgment and not in bad faith. *See Rice v. Collins*, 546 U.S. 333, 341-42 (2006) ("Reasonable minds reviewing the record might disagree . . ., but on habeas review that does not suffice to supersede" the state court's decision.).

**AFFIRMED.**